AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Michigan

Antoiwan Gibson
*Petitioner*

v.

C. Rardin
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

)
)
)
)
)
)
)
)
)

Case: 4:25-cv-12297
Assigned To : Behm, F. Kay
Referral Judge: Grand, David R.
Assign. Date : 7/28/2025
Description: HC GIBSON V RARDIN (MRS)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.  (a) Your full name: Antoiwan L Gibson
    (b) Other names you have used: Mike Turner
2.  Place of confinement:
    (a) Name of institution: FCI Milan
    (b) Address: Po.box 1000 Milan, Mi 48160

    (c) Your identification number: 50981-039
3.  Are you currently being held on orders by:
    ☑ Federal authorities     ☐ State authorities     ☐ Other - explain:

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: United States District Court Eastern District of Tennessee at Knoxville
      (b) Docket number of criminal case: 3:15-CR66
      (c) Date of sentencing: 10-3-2016
    ☐ Being held on an immigration charge
    ☑ Other *(explain):* Del/MaF controlled substance

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☑ How your sentence is being carried out, calculated, or credited by prison or parole authority (for example, revocation or calculation of good time credits)

RECEIVED
USAO - EDMI
16 JUL 2025 15:15

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention

☐ Immigration detention

☑ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain)*: F.S.A Time credit, Accrued program days 2,314 FTC toward RRC/HC 730, FTC towards release 365 F.S.A conditional Placement Date 1-4-25, Transition to community Date 1-4-25

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: F.C.I Milan, milan Mic 48160

(b) Docket number, case number, or opinion number:

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

F.C.I Milan, will not apply my FSA program days or will not honor my conditional Placement Date of 1-4-25 or will not honor my Transition to community Date of 1-4-25

(d) Date of the decision or action: 4-14-2025

### Your Earlier Challenges of the Decision or Action

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes    ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: FCI Milan Staff e-unit team case manager mr. razz, counsior mr. wheels unit team manager mr. gimsly, A.w mr lee, r.rm mr. burnet and the warden mr. e. Rardin

(2) Date of filing: 4-1-25 I Filed a BP-8

(3) Docket number, case number, or opinion number:

(4) Result: unable to rejoive at unit Team level

(5) Date of result: 4-14-2025

(6) Issues raised: The Staff and hRm Refuse to submit me for ½ house or home confinement. Due to my State case that is ran concurrent. FCI milan says they look at that like a Detainer but FSA bill and E.B.O.P policy statement clearly say's Detainer will not stop you from applying FSA, inmate can Denie it which I did not

(b) If you answered "No," explain why you did not appeal:

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☑ Yes    ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _BP-9 with F.C.I warden_

    _Mr E. Rardin, through e-unit team manager grimsly_

    (2) Date of filing: _4-14-2025_   _Mr grimsly_

    (3) Docket number, case number, or opinion number:

    (4) Result: _No reply_

    (5) Date of result: _5-23-25 electronic cop-out/e-mail_

    (6) Issues raised: _The RRM refused to push my paper work to the ½ way house or send me to home confinement which is violating my liberty intrest makeing this a constitutional issue -n- a violation of my civil rights_

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☑Yes      ☐No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _e-unit team manager FCI Mr grimsly, counslor mr ellison and secretary ms risen_

    (2) Date of filing:

    (3) Docket number, case number, or opinion number:

    (4) Result: _I was Denied a bp-10, 3 times_

    (5) Date of result:

    (6) Issues raised: _request of a bp-10 so I can file to region/grand prairie, Due to the fact FCI milan will not honor my FSA time credit or -Follow the FBOP policy statement_

(b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐Yes      ☑No

If "Yes," answer the following:

(a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☐ Yes      ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes             ☐ No
If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11.  **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes             ☒ No
If "Yes," provide:
(a)  Date you were taken into immigration custody:
(b)  Date of the removal or reinstatement order:
(c)  Did you file an appeal with the Board of Immigration Appeals?
☐ Yes             ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

_____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.     State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** My projected release date is 1-4-25, FSA projected release date is 1-4-2027. I have 2314 AccRued program days as of 6-21-2025, I have 730 FTC towards rrc/hc and 365 FTC toward release

(a) Supporting facts *(Be brief. Do not cite cases or law.):*
exhibit (A) FSA conditional release date 1-4-27
FSA conditional placement Days 730
F.S.A conditional placement Date 1-4-2025
F.S.A conditional Transition to community date 1-4-2025

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes          ☐ No

**GROUND TWO:** F.B.O.P policy statement say's as long as you are eligible to earn time credits, an unresolved pending charge and/or detainer has no impact on your ability to apply credit towards early release or pre-release placement
(a) Supporting facts *(Be brief. Do not cite cases or law.):*
exhibit (D) F.B.O.P policy, Placement in the community does not eliminate the outstanding detainers and/or pending charges your FSA placement in halfway house -or- home confinement is voluntary. You can decline the voluntary FSA placement without any negative impact - I did not decline this is a
(b) Did you present Ground Two in all appeals that were available to you? Due Process violation
☒ Yes          ☐ No

**GROUND THREE:** I do not have a detainer - It is a state case that is ran concurrent, I will get parole from state in October 2025, since milan will Not Apply my FSA credit they said I will Not leave F.B.O.P until 2027
(a) Supporting facts *(Be brief. Do not cite cases or law.):*
exhibit (B) -n- (C) proves state time is running concurrent -n- state parole boaRD. will consider parole based on my minimum parole eligibility date which is in October of 2025

(b) Did you present Ground Three in all appeals that were available to you?
☒ Yes          ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** Staff at FCI Milan refuse to give me a bp-10 to file to region, so I can exhaust all my administrative remedy

**(a)  Supporting facts** *(Be brief.  Do not cite cases or law.):* counslor mr ellison -n- secretairy ms risen are my witness unit team manager mr grimsly refused to give me a bp-10 three different times. also exhibit-(e) prove I have been e-mailing the warden at FCI milan asking him to assist me with this problem

**(b)  Did you present Ground Four in all appeals that were available to you?**
☐ Yes       ☑ No

14.  **If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:** The two e-mails I sent to the warden He asked me to be patient in the First one He did not reply to the second one I sent 30 Days later and still has not replied 50 Days later

### Request for Relief

15. State exactly what you want the court to do: Demand FCI Milan send me strait to home confinement, Due to the fact probation Department has already approved my house and told my daughter I will be on GPS ankle monitor until 2027 because F.SA program allows me to be on house arrest, I have camp point see exhibit (F)

Also Due to the Fact my state case is running concurrent it is not a Detainer it is a concurrent sentence, which allows me to Do home confinement on GPS teather because I will still be under FBOP Jurisdiction until 2027.

F.BoP policy statement says voluntary I can Denie home confinement, I did not Denie my pre release-or-home confinement and FCI milan can not make this choice for me -That is a Due process violation violation of my liberty, which make it a civil rights violation

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

7-11-2025

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 6-27-2025       Antoiwan Gibson #50981-039 e-unit

*Signature of Petitioner*

_____

*Signature of Attorney or other authorized person, if any*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Antoiwan Gibson,
     Petitioner,

v.                                Case No.

Eric Rardin,
     Respondent.
_____/

## MEMORANDUM IN SUPPORT OF § 2241 MOTION

RE: F.S.A

2046 Program days

730 Conditional Placement Days

F.S.A. Conditional Placement Date 1-4-2025

F.S.A. Transition to Community Date 1-4-2025

My name is Antoiwan Gibson #50981-039.I am currently incarcerated at F.C.I Milan in Milan MI. I'm serving a 15 year Federal sentence for conspiracy. I have been incarcerated since 2015. In 2017 I went on a writ to Oakland County Jail on a pending possession charge for a detainer for the state of MI. I was sentenced to 9-40 years to be ran concurrent with my federal sentence. See Exhibit (A) 9-40 cc=concurrent.

In 2018 congress adopted a bill called first step act, F.S.A knocks a year off of my sentence, moving my release date from 1-4-2028 to 1-4-2027.F.S.A also allows me to earn up to 15 days a month off of my sentence for programing and good behavior. I have been earning program days and time credit since the bill was signed into law in 2018. So when it went into effect in 2021 it moved my release date from 1-4-2027 to 1-4-2025.Due to the fact F.S.A was applied it kicks me out of the FBOP on that date. My case manager out of H-Unit Mr. Lavaser put me in for home confinement on 6-18-2024, federal probation did a home visit and approved it. Also told my daughter I was approved for F.S.A program I would be on house arrest on a G.P.S ankle monitor, until my federal sentence is up in 2027.

A few months later I was moved to E-Unit under unit team manager Mr. Grimsly, case manager Mr. Racz, and Secretary Ms. Risen. Since my unit team changed, I was told I had to be resubmitted for halfway house. Case

1

manager Mr. Racz resubmitted me for halfway house and home confinement.  It was rejected and kicked back to

case manager Mr. Racz by everyone who had to sign off on my paperwork.  It had to be resubmitted 6-7 times due

to the fact they all said I had a detainer.  So I do not get Second Chance halfway house or any kind of halfway

house.  Every time he resubmitted it, he let them know that he has applied no halfway house - it is FSA program

days kicking me out.  Then they all wanted to see a governor's letter to prove date and time that FCI Milan

contacted the state and allowed them their 30 days grace period to come get me. The state did not reply to the first

letter in November 2024, second letter in January 2025, or the third letter in February 2025. All were sent time

stamped by Mr.Torez in Records and R&D.

I was told by Mr. Racz that the RRM at FCI Milan still refused to push my paperwork forward because

FCI Milan has a management variable on me due to the fact that my points are too low.  FCI Milan has to justify the

reason I am still here.  See Exhibit (b).

So I requested an informal resolution, BP-8m from case manager Mr. Racz.  I was told he cannot give me

one – which they can only come from unit team manager Mr. Grimsly: "FBOP policy and handbook does not state

that."

Due to the fact that I am FSA programming and work in UNICOR steel, it is very hard to catch my unit

team manager because his office is not in my unit.  His open house hours are 12:30pm – 2:30pm the hours that I

have to program.  On several attempts to catch unit team manager, I skipped my classes missed my program hours

just to make it to f2 unit to see my unit team manager because that's where his office is. Just to have the officer who

is working that unit tell me NO!  I cannot enter their unit after I have explained my situation.

I finally was able to catch my unit team manager Mr. Grimsly coming across the compound from the O.M.

On 4-1-25. I requested a BP-8, he is familiar with my case load because I keep going to him about my FSA and case

manager Mr. Racz.

Unit team manager Mr. Grimsly pulls a BP-8 out his folder, signs the top right corner, and dated it 4-1-25.

See Exhibit (C).  Before he gives it to me he says "bring this back to me, keep this between me and you". I attempted

to turn this BP-8 in on 4-6 25 to begin exhausting my administrative remedies. Mr. Grimsly told me I wrote too

much and it will not be accepted.  See Exhibit (C) He gave me another BP-8 and told me to write smaller or say less.

Second BP-8 See Exhibit (D).  I filled it out and went straight back to Mr.  Grimsly office, only to find out he was

gone.

2

On Monday, 4-7-25 thru Friday 4-11-25, I tried to catch unit team manager Mr. Grimsly, I saw him at mainline and He insisted I hold the BP-8 and come see him at his open house at 12:30pm.I had no luck he never showed up for open house.

At 1:30pm on 4-11-25 unit team secretary Ms.  Risen called over to E-unit and told officer Mr. Lasky to send me over to F2-unit on the next 2:00pm move.  When I got there my whole unit team was there.  She did my thumbprint and told me I would be leaving Thursday, 4-17-25.  So I did not turn in the BP-8 since there was no reason anymore and I therefore kept it.

On Tuesday, 4-14-25, unit team secretary Ms. Risen, Mr. Racz, and Mr. Grimsly told me I would not be leaving on 4-17-25, because I cannot apply my FSA programming days towards early release due to the state having contacted them and lodged a detainer on me but that is not true since my state case is running concurrent.  FCI Milan said I can only apply program days towards halfway house not towards releasing me to another entity.  Whether I'm in halfway house or home confinement, I am still under the FBOP custody and jurisdiction.  So my FSA program days should be applied to kick me out of FCI Milan.

If FCI Milan does not apply my FSA program days, unit team and R&D said I will not get out of federal prison until 2027 but I get parole from the state in October 2025.  I contacted the state parole board in 2017 to find out my official date and I was told I would be scheduled for a parole consideration interview based on my minimum parole eligibility date due to the ^fact I have jail credit that would be in October 2025, but they will not review my case until I am released from FBOP custody and processed into the MDOC.  See Exhibit (C).

FBOP policy statements state "pending charges and/or detainers will not impact your ability to apply credit towards early release or prerelease placement."  See Exhibit (F).  It goes on to state halfway house or home confinement placement in the community **does not** eliminate the outstanding detainers or pending charges and FSA placement in halfway house or home confinement is voluntary.  You can decline voluntary FSA placement without any negative impact.  This means you can still apply your FSA program days up to 365 days towards early release.  The policy statement furthermore states "please let your case manager know if you are declining the voluntary FSA placement due to unresolved pending charges or detainers in prerelease custody."

I did not decline any FSA placement and I do not have a detainer since it is a concurrent sentence which allows me to finish my federal sentence in halfway house or home confinement.  This is due to the fact I am still

3

under FBOP custody until 2027. AS of 3-1-2025 I have 2046 program days, 730 conditional placement days. My FSA conditional placement date is 1-4-2025 and my transition to community date is 1-4-2025. See Exhibit (G).

Due to the fact that FCI Milan will not apply my program days, my right to due process is being violated since I am way past my transition to community date. This is a violation of my liberty interest thereby making this a civil rights violation.

At the time of this filing, I have asked unit manager Mr. Grimsly for a sensitive BP-10 so I could expedite the process of exhausting my administrative remedies. That way I can file my § 2241 with this Court as soon as possible. Mr. Grimsly stated in front of secretary Ms. Risen and counselor Mr. Ellison, that he would not give me one. I told him I'm past my out date so this is sensitive. He denied me a sensitive BP-10 for a second time. I replied that this is   time critical and going through the process of a BP-8, 9, 10 could take 6-12 months. I have a liberty interest here and this is why I need a sensitive BP-10. He told me "I don't work for you or your lawyer so this is not sensitive." That denial of a BP-10 alone was a violation of Due Process.

I asked case manager Mr. Grimsly for a copy of my BP-9 and he stated I would get a copy once Warden Rardin signs it. A month later I saw the Warden at main line and told him that I never received a copy of my BP-9. He replied that I would get a receipt in the mail but I still have not received one. I have emailed the Warden twice since then about this matter. He replied to the first email. See Exhibit (H). My second message 30 days later received no reply. See Exhibit (I). Due to the fact this is a matter of liberty interest and I am past the transition to community date, this matter is time sensitive. That Due Process violation is a civil rights violation which again is time sensitive.

<u>Conclusion</u>

THEREFORE, based upon the foregoing, I respectfully ask this Honorable Court to ORDER FCI Milan to apply my FSA Programming Days and to release me to home confinement immediately.

Respectfully Submitted,

Date: 7-11-2025

Antoiwan Gibson, pro se
Reg. No. 50981-039
FCI Milan
P.O. Box 1000
Milan, MI 48160

4

# Exhibit A

```
  MILE2  540*23 *         SENTENCE MONITORING        *     07-12-2024
  PAGE 004 OF 004 *         COMPUTATION DATA          *     09:55:40
                            AS OF 07-12-2024

  REGNO..: 50981-039 NAME: GIBSON, ANTOIWAN


----------------------------- CURRENT DETAINERS: -----------------------------

  DETAINER NO..: 001
  DATE LODGED..: 08-15-2017
  JURISDICTION.: STATE OF MICHIGAN
  AUTHORITY....: OAKLAND COUNTY SHERIFF /TRANSPORT  248 452-2023
  CHARGES......: DEL/MAF CONTROLLED SUBSTANCE  2017-263325-FH
                 9-40 YEARS CC
```

exhibit (A)

```
  G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

Exhibit B

```
   MILDB  606.00 *      MALE CUSTODY CLASSIFICATION FORM      *      07-01-2021
   PAGE 001 OF 001                                                   14:36:33
                            (A) IDENTIFYING DATA
   REG NO..: |50981-039|            FORM DATE: 06-08-2021         ORG: MIL
   NAME....: GIBSON, ANTOIWAN
                                      MGTV: NONE
   PUB SFTY: NONE                     MVED:
                            (B) BASE SCORING
   DETAINER: (3) MODERATE            SEVERITY.......: (3) MODERATE
   MOS REL.: 78                      CRIM HIST SCORE: (04) 6 POINTS
   ESCAPES.: (0) NONE                VIOLENCE.......: (0) NONE
   VOL SURR: (0) N/A                 AGE CATEGORY...: (2) 36 THROUGH 54
   EDUC LEV: (0) VERFD HS DEGREE/GED  DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS
                            (C) CUSTODY SCORING
   TIME SERVED.....: (4) 26-75%     PROG PARTICIPAT: (2) GOOD
   LIVING SKILLS...: (2) GOOD       TYPE DISCIP RPT: (3A) 1 MOD
   FREQ DISCIP RPT.: (2) 1          FAMILY/COMMUN..: (4) GOOD


                       --- LEVEL AND CUSTODY SUMMARY ---
   BASE CUST VARIANCE  SEC TOTAL  SCORED LEV MGMT SEC LEVEL  CUSTODY  CONSIDER
   +12  +17    -1        +11      MINIMUM      N/A            IN      DECREASE


   G5149      INMATE/DESIG FACL LEVEL MISMATCHED, HAVE DSCC ADD A MGTV
   G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

Exhibit C

15 V - 0

September 18, 2012
Page 7

4/1/25
FSA

Attachment B/Part 1
FCI/FDC Milan, Michigan
**Attempt at Informal Resolution**

REMEDY # _____

Inmate's Name: Antoiwan Gibson

Registration Number: 50981-039          Housing Unit: e

## ATTEMPT AT INFORMAL RESOLUTION:

1. Briefly state the complaint and requested corrective actions. I have 2046 program Days 730 conditional placement Days. I got put in for half way house in June-sep 2024. it got kicked back at every stop and had to be resubmitted, it has been resubmitted 6-7 time The past 2-3 Times it has been kicked back, was all by The RRM. For 6 plus week's it has been resubmitted to them along with Documintation of The goveners letter she asked for, Torez From the mail room/records has submitted the goven ers letter 3 different times me on my case manager mr Razz were all in his office the 2nd time he did it. The state has Not replied. My FSA conditional placement date - and condititional Transition to community Date are both on 1-4-2025. I would liked to be released to halfway house -or- home confinement ASAP

2. Document your efforts to resolve the matter to include policies reviewed. Note any reasons an informal resolution could not be achieved. I have talked to lavaser up unti his last days as my case manager. I have talked to MS.T and mr Dew out of A-unit. I have talked to wheels, Fleck, jee Burnet, Aw-lee, Mr grimsly, mr moore    I have talked to all of these other people - while I was seeking advice on why my paper work has not made it to the halfway house - my own case manager agrees I should have been gone he is Frustrated with resubmitting it over -n- over To the point he has told me I Dont know what eles to do, you will probly spend the rest of your time here. The rest of my

Inmate Signature: _____    Date: 4-6-25    Time is 2028

Inmate Printed Name: Antoiwan Gibson    so no a

Unit Counselor Signature: _____    Date: _____

Unit Counselor Printed Name: _____

Informal resolution could not be achieved
exhibits and case law
will be attached to
BP 9. MS Newnberg and the
RRM are violating my liberty
Intrest which makes this a constitutional issu'o

Exhibit D

BP-8
1-4-25

Attachment B/Part 1
FCI/FDC Milan, Michigan
**Attempt at Informal Resolution**

REMEDY # _____

Inmate's Name: ANToiwan Gibson

Registration Number: 50981-039        Housing Unit: __e__

## ATTEMPT AT INFORMAL RESOLUTION:

1.    Briefly state the complaint and requested corrective actions. I have 2046 program Days.
I have 730 conditional Placement Days. MY FSA conditional Placement
Date and my conditional Transition to community Date are both
1-4-25. I was Put in for halfway house in June of 2024. It
got kicked back-or-rejected by everyone who had to sign off
on it. It has been resubmitted 6-7 times. The Past 3 times it
was kicked back, was all by the R.R.M. For 6 plus weeks
it has been resubmitted along with a goveners letter that
Torez from the mail room/records has submitted 3 different
times. The state has not replied at all missing their 30 day
Deadline 3 different times. The RRM refuses to Push it to the
halfway house, which is violating my liberty intrest, making
this a constitutional issue - in a violation of my civil rights. and
Due process

2.    Document your efforts to resolve the matter to include policies reviewed. Note any reasons an
informal resolution could not be achieved.

UNABLE TO RESOLVE AT UNIT TEAM LEVEL

Inmate Signature: _____    Date: 4-6-25

Inmate Printed Name: ANToiwan Gibson

Unit Counselor Signature: FOR _____    Date: 4/14/2025

Unit Counselor Printed Name: FOR J. GRIMSLEY

Exhibit E



STATE OF MICHIGAN
### DEPARTMENT OF CORRECTIONS
LANSING

RICK SNYDER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

December 5, 2017

Antoiwan Gibson, #50981-039
Federal Correctional Institution
P.O. Box 1000
Milan, MI  48160

MDOC#341927

Dear Mr. Gibson:

Thank you for contacting the Michigan Parole Board.

Once you are released from the Federal Prisons and processed into the Michigan Department of Corrections, you will be scheduled for a parole consideration interview based on your minimum parole eligibility date.

The information you provided will be placed in your central office file so the Parole Board members may take it into consideration when reviewing your case.

Again, thank you for your letter.

Sincerely,

Michigan Parole Board

exhibit-(e)

PB/rml

Exhibit F

## Do FTCs change my Home Confinement Eligibility Date (HCED)?

Yes and no.  Your Home Confinement Eligibility Date is calculated based on your statutory term.  FTCs do not impact the number of days making up the eligibility date – that block of days is the same regardless of FTCs earned.  What changes is the date itself.  This is because the eligibility date is based on the number of days prior to Projected Release Date, and as your release date changes (due to earned FTCs), the Home Confinement Eligibility Date also changes, but the block of days making up the statutory Home Confinement does not.  Plus, once you earn FTCs toward early pre-release placement, the Home Confinement Eligibility Date is based on that same block of days, but in advance of the maximum number of FTCs earned.



*exhibit-F*

For example, if you had 30 months to serve (after Good Conduct Time) and had a minimum or low Risk level from the beginning, you could earn up to 415 FTCs.  You would also have a Home Confinement Eligibility Date of about 90 days.  The first 365 FTCs are applied toward release, leaving you about 18 months to serve.  If your unit team also recommended you for a 120-day prerelease placement under the Second Chance Act, that would be added to the 50 FTC days remaining for all total recommended pre-release placement of 170 days.  But, because the Second Chance Act Placement is served first to include the 90-day Home Confinement Eligibility, you would have to serve at least 30 of your 120-day Second Chance Act placement in the halfway house before you could transfer to home confinement.

## How do unresolving pending charges and/or detainers impact me getting Time Credit?

As long as you are eligible to earn time credits, an unresolved pending charge and/or detainer has no impact.  With the exception of inmates with final orders of deportation or removal – determinations made based on documentation provided by Immigration and Custom Enforcement (ICE), unresolved pending charges and/or detainers will not impact your ability to apply credit toward early release or pre-release placement.

However, it is important to understand that while you are eligible for halfway house and/or home confinement, placement in the community does NOT eliminate the outstanding detainers and/or pending charges.  **Meaning – if you are in halfway house and/or home confinement and have detainers and/or pending charges, you are at significantly higher risk to be arrested due to active**

warrants, and an arrest will result in a technical escape for you and an interruption in your federal sentence as the Bureau will have lost primary jurisdiction.

Because you are not eligible for a needs-based recommendation under the Second Chance Act, your FSA placement in halfway or home confinement is VOLUNTARY. You can decline the voluntary FSA placement without any negative impact. This means you can still apply your FTCs, up to 365 days, toward early release. Please let your case manager know if you are declining the voluntary FSA placement due to unresolved pending charges or detainers in pre-release custody.

## Can I still earn FTCs if I'm eligible to receive the Residential Drug Abuse Program Early Release Benefit?

Yes, but the Residential Drug Abuse Program (RDAP) Early Release Benefit is applied first to your release date, then any FTC days are applied afterwards. This means you must complete all components of RDAP, to include the community-based portion – a minimum of 120-days in the community-based treatment program.

To receive the full benefit of both programs, you must have enough time remaining to complete all required components of RDAP. In the event you do not have enough time remaining after completing the RDAP program to receive both, the number of FTC days applied will be reduced to allow for, at a minimum, the 120-day community-based placement as required under 3621(e).

## Questions?

If you have questions about any aspect the First Step Act or the associated Federal Time Credits, including eligibility, requirements, or limitations, and/or programs, please talk to your unit team. They will either be able to answer your question or direct you to staff in the department that can assist you.

Exhibit G

## FSA Time Credit Assessment
Register Number:50981-039, Last Name:GIBSON

**U.S. DEPARTMENT OF JUSTICE**        **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number....: 50981-039 | Responsible Facility: MIL |
| Inmate Name | Assessment Date.....: 02-21-2025 |
|   Last.............: GIBSON | Period Start/Stop...: 12-21-2018 to 02-21-2025 |
|   First............: ANTOIWAN | Accrued Pgm Days....: 2254 |
|   Middle...........: | Disallowed Pgm Days.: 0 |
|   Suffix...........: | FTC Towards RRC/HC..: 730 |
| Gender.............: MALE | FTC Towards Release.: 365 |
| Start Incarceration: 10-03-2016 | Apply FTC to Release: Yes |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 12-21-2018 | 07-17-2019 | accrue | 208 |

  Accrued Pgm Days...: 208
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 60

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 07-17-2019 | 02-21-2025 | accrue | 2046 |

  Accrued Pgm Days...: 2046
  Carry Over Pgm Days: 28
  Time Credit Factor.: 15
  Time Credits.......: 1035

--- FSA Assessment(s) ---

| # | Start | Stop | Assignment | Asn Start | Factor |
|---|---|---|---|---|---|
| 001 | 12-21-2018 | 01-18-2019 | R-LW | 04-28-2021 11:35 | 10 |
| 002 | 01-18-2019 | 07-17-2019 | R-LW | 04-28-2021 11:35 | 10 |
| 003 | 07-17-2019 | 01-13-2020 | R-LW | 04-28-2021 11:35 | 15 |
| 004 | 01-13-2020 | 07-11-2020 | R-LW | 04-28-2021 11:35 | 15 |
| 005 | 07-11-2020 | 01-07-2021 | R-LW | 04-28-2021 11:35 | 15 |
| 006 | 01-07-2021 | 07-06-2021 | R-LW | 04-28-2021 11:35 | 15 |
| 007 | 07-06-2021 | 01-02-2022 | R-LW | 04-28-2021 11:35 | 15 |
| 008 | 01-02-2022 | 07-01-2022 | R-LW | 10-27-2021 09:22 | 15 |
| 009 | 07-01-2022 | 12-28-2022 | R-LW | 04-20-2022 10:51 | 15 |
| 010 | 12-28-2022 | 06-26-2023 | R-LW | 10-07-2022 10:14 | 15 |
| 011 | 06-26-2023 | 12-23-2023 | R-LW | 04-19-2023 10:53 | 15 |
| 012 | 12-23-2023 | 06-20-2024 | R-LW | 10-03-2023 19:42 | 15 |
| 013 | 06-20-2024 | 12-17-2024 | R-LW | 01-17-2024 08:13 | 15 |
| 014 | 12-17-2024 | 06-15-2025 | R-LW | 07-12-2024 10:16 | 15 |

exhibit (6)

**FSA Time Credit Assessment**

Register Number:50981-039, Last Name:GIBSON

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

--- **Best Case Scenario - Conditional Pre-release Planning & Preparation Only** -----------------
**All conditional days and conditional dates below are the individual's best case scenario
given the individual's FSA/FTC status and best case Second Chance Act (SCA) days as of
02-21-2025. These dates can change if there are changes to one or more of the following: the
individuals FSA risk, FSA opt-in/opt-out status, or best case SCA days.**

**SCA DAYS ARE NOT GUARANTEED AND REQUIRE AN INDIVIDUALIZED ASSESSMENT! THEREFORE, IF A DEFAULT
OF 365 DAYS IS REFLECTED, THIS DATE IS SUBJECT TO CHANGE BASED ON THE REQUIRED FIVE-FACTOR
REVIEW UNDER 18 USC SEC. 3621(B). AN INDIVIDUAL WHO HAS PENDING CHARGES/DETAINERS ARE NOT
ELIGIBLE FOR SCA TIME. THE FIVE-FACTOR REVIEW INVOLVES THE FOLLOWING: (1)THE RESOURCES OF THE
FACILITY CONTEMPLATED; (2) THE NATURE AND CIRCUMSTANCES OF THE OFFENSE; (3) THE HISTORY AND
CHARACTERISTICS OF THE PRISONER; (4) ANY STATEMENT BY THE COURT THAT IMPOSED THE SENTENCE:
(a)CONCERNING THE PURPOSES FOR WHICH THE SENTENCE TO IMPRISONMENT WAS DETERMINED TO BE
WARRANTED; OR (b) RECOMMENDING A TYPE OF PENAL OR CORRECTIONAL FACILITY AS APPROPRIATE; AND
(5) ANY PERTINENT POLICY STATEMENT ISSUED BY THE U.S. SENTENCING COMMISSION.**
---

```
Projected Release Date: 01-04-2028
Projected Release Method: GCT REL
FSA Projected Release Date: 01-04-2027
FSA Projected Release Method: FSA REL
FSA Conditional Release Date: 01-04-2027
SCA Conditional Placement Days: N/A
SCA Conditional Placement Date: N/A
FSA Conditional Placement Days: 730
FSA Conditional Placement Date: 01-04-2025
Conditional Transition To Community Date: 01-04-2025
```
--- **SCA Ineligible** ------------------------------------------------------------------------

--- **Detainers**

**Id  Lodged      Org Authority**
001 08-15-2017  SMI OAKLAND COUNTY SHERIFF /TRANSPORT  248 452-2023

Exhibit H

TRULINCS 50981039 - GIBSON, ANTOIWAN - Unit: MIL-E-B

---------------------------------------------------------------------------------------------

FROM: Warden
TO: 50981039
SUBJECT: RE:***Inmate to Staff Message***
DATE: 05/23/2025 02:17:02 PM

Mr. Gibson,

Staff are working diligently to investigate and resolve your BP-9 request. Please continue to be patient while we have elevated this concern for a response.

Thank you.

From: ~^! GIBSON, ~^!ANTOIWAN <50981039@inmatemessage.com>
Sent: Monday, May 19, 2025 10:46 PM
Subject: ***Request to Staff*** GIBSON, ANTOIWAN, Reg# 50981039, MIL-E-B

To: warden
Inmate Work Assignment: unicor

i have a issue with my f.s.a. i put in a bp8 on 4-1-2025,i turned in my bp 9  on or around 4-17-2025
i was waiting on your response so i could file my bp 10 to regain,so i was just checking the status
thank you in advance

# Exhibit I

TRULINCS  50981039 - GIBSON, ANTOIWAN - Unit: MIL-E-B

---------------------------------------------------------------------------------------------

FROM: 50981039
TO: Warden
SUBJECT: ***Request to Staff*** GIBSON, ANTOIWAN, Reg# 50981039, MIL-E-B
DATE: 06/20/2025 02:42:39 PM

To: warden
Inmate Work Assignment: unicor

hi my name is antoiwan gibson#50981-039 , my conditional placement date and my transition to community date were both on 1-4-2025,im still waiting on a reply or deny for my bp9 , im just trying to check the status of my situation so i can move forward with my bp 10 to region, thank you in advance

ANTOIWAN GIBSON #50981-039
F.C.I Milan
P O Box 1000
Milan, Mic 48160





United States District Court
eastern District of Michigan
Attn: Clerk of Court
211 west Fort Street, Suite 2001
Detroit, Mic 48226



RECEIVED

JUL 28 2025

CLERK'S OFFICE
DETROIT