United States District Court
Eastern District of Michigan

Antoiwan Gibson,

       Petitioner,                    Case No. 25-cv-12297

       -vs-

                                     Judge F. Kay Behm
Eric Rardin, Warden,               Mag. Judge David R. Grand

       Respondent.
_____/

**Motion, and Brief in Support, to Extend Time to File Response**

Antoiwan Gibson filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1: Petition, PageID.1-34). The Court ordered the government to respond by October 8, 2025. (ECF No. 4: Order, PageID.37). In his petition, Gibson seeks application of various earned time credits he claims have not been applied to his sentence and for immediate transfer to home confinement under the First Step Act. (ECF No. 1: Petition, PageID.2-3, 6-7). The government is prepared to respond timely.

But since Gibson filed his petition, the Bureau of Prisons has advised government counsel that Gibson will be transferred imminently to the custody of the Michigan Department of Corrections based on a detainer it lodged in 2017. However, to date, Gibson has not been transferred. *See* BOP's Inmate Locator: https://www.bop.gov/inmateloc/, accessed on October 7, 2025. Thus, any response

the government has prepared will not be responsive to this impending change in Gibson's custody unless a brief extension is granted.

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), and for good cause shown, the government respectfully requests a one-week extension, to October 15, 2025, to file its response to the habeas petition. Concurrence was not obtained but is not required. LR 7.1(2)(D).

Respectfully submitted,

Jerome F. Gorgon, Jr.
United States Attorney

/s/ Julie A. Beck
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9717
julie.beck@usdoj.gov

Dated: October 7, 2025

2

United States District Court
Eastern District of Michigan

Antoiwan Gibson,

    Petitioner,          Case No. 25-cv-12297

    -vs-

                       Judge F. Kay Behm
Eric Rardin, Warden,       Mag. Judge David R. Grand

    Respondent.
_____/

**Brief in Support of Motion to Extend Time to File Response**

Antoiwan Gibson's habeas petition filed under 28 U.S.C. § 2241 alleges that he is entitled to immediate release to home confinement based on his calculation of various credits he has earned while incarcerated at FCI Milan which he claims have not been applied to reduce his custodial sentence. (R.1: Petition, PageID.2-3, 6-7). The government has been working with the Bureau of Prisons to prepare a response.

Counsel for the Bureau of Prisons advised government counsel that Gibson will be transferred to the custody of the Michigan Department of Corrections imminently based on a State detainer lodged in 2017 that takes effect when Gibson is eligible for transfer to prerelease custody. Thus, the government's current response brief does not reference that Gibson's petition would be moot once he is

3

out of BOP custody, nor can it state the facts surrounding Gibson's custodial status with accuracy.

To provide the Court with the most efficient and accurate response, the government requests a brief extension of the response period to include October 15, 2025. Because Gibson's custodial status will change soon, extending the response time will result in judicial efficiency and will more accurately respond to Gibson's petition. This constitutes "good cause" under Fed.R.Civ.P. 6(b)(1)(A).

The district court's discretion under Rule 6 may include consideration of "the moving party's diligence in attempting to meet the deadline" and "prejudice to the nonmoving party." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th. Cir. 2002). The government has been diligent in seeking this extension. It has a brief ready to file but is aware that its response may not be accurate factually or legally if Gibson is transferred out of BOP custody within the week. Additionally, this motion is filed before the deadline. Thus, the government has been diligent. As for any prejudice to Gibson, he will not suffer any if the government's brief is accurate, but he may be prejudiced if the government's brief is premature and therefore not responsive. Moreover, his reply brief is not due for 45 days, which infers that the Court would not make a determination on Gibson's petition for at least another six weeks or until after he filed a reply. All of this supports that there is good cause to extend the time for the government to file a response. Fed.R.Civ.P. 6(b)(1)(A).

4

Because Mr. Gibson is incarcerated and representing himself, the government did not obtain concurrence, but it is not required because of his status as a pro se prisoner. LR 7.1(2)(D).

Based on the foregoing, the government respectfully requests a one-week extension to file its response brief on or before October 15, 2025.

                                Respectfully submitted,

                                Jerome F. Gorgon, Jr.
                                United States Attorney

                                /s/ Julie A. Beck
                                Assistant United States Attorney
                                211 W. Fort Street, Suite 2001
                                Detroit, MI 48226
                                (313) 226-9717
                                julie.beck@usdoj.gov

Dated: October 7, 2025

**Certificate of Service**

I certify that on October 7, 2025, I electronically filed this motion to dismiss with the Clerk of the Court using the ECF system, and I certify that I have mailed by United States Postal Service the attached paper to the following non-ECF participant:

> Antoine Gibson, Reg. #50981-039
> FCI Milan
> P.O. Box 1000
> Milan, MI 48160

/s/ Julie A. Beck
Assistant United States Attorney