UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. 3:15-CR-66 |
| v. | ) | |
| | ) | JUDGE VARLAN |
| ANTOIWAN GIBSON, | ) | |
|      also known as "Tez" | ) | |

**UNITED STATES' SENTENCING MEMORANDUM AND
MOTION FOR UPWARD VARIANCE**

The United States of America, by and through Nancy Stallard Harr, Acting United States Attorney for the Eastern District of Tennessee, hereby files this Sentencing Memorandum, requesting that the Court impose a sentence at the top of the defendant's Guidelines-range, assuming the Court finds that the higher offense level based on drug quantity, leadership enhancement, and death-resulting from the offense of conviction enhancement apply in this case. The defendant's conduct in this case was egregious and, therefore, he deserves a sentence at the top of his Guidelines range.  In the alternative, should the Court not apply the higher drug quantity or the above-referenced enhancements, then the United States specifically requests that the Court grant an upward variance in this case.

Based on the Title 18, United States Code, Section 3553(a) factors, this Court should sentence the defendant at the top of his Guidelines range.  First, pursuant to Title 18, United States Code, Section 3553(a)(1), this Court considers the offense conduct.  This Court is well-aware of the opioid problem in this area; it is of epidemic proportions.  But, even more than the general opioid problem in this area, the offense conduct in this case is horrific.  This defendant came to Knoxville, Tennessee, from Detroit, Michigan because his profit margin was bigger here; purely out of greed, the defendant traveled a far distance and poisoned a vast majority of people in this district.  Not only did this defendant's drug dealing add to the addiction problem in

this area, but the heroin he sold has seriously harmed and even killed people. Moreover, the defendant used women by promising them he would keep them "high" if they would help him in his drug trafficking trade. Through his offense conduct, this defendant has shown he has no regard or respect for human life and he is exactly the type of person who should be sentenced to a lengthy term of incarceration.

Second, the defendant's history and characteristics, which are appropriate considerations under Title 18, United States Code, Section 3553(a)(1), also evidence that a severe sentence is warranted. This defendant has consistently been involved in the criminal justice system his entire adult life and, as he got older, the severity of his convictions got worse. Moreover, as shown through his history and characteristics, this defendant is from Detroit, Michigan, and, outside of obtaining higher profit margins on drug sales, he had absolutely no reason to be in Knoxville, Tennessee.

All of the Title 18, United States Code, Section 3553(a)(2) considerations support a sentence at the top of the defendant's Guidelines range. Those factors include the following: the sentence should reflect the seriousness of the offense, as described above; promote respect for the law, which this defendant has shown he completely lacks; provide just punishment for the offense; afford adequate deterrence to criminal conduct; and protect the public from future crimes of the defendant. Most concerning is that, through his drug dealing, people have been seriously injured or killed and the defendant could not have cared less; he just kept on selling heroin to make money.

Should the defendant not be given a higher drug quantity and / or should the Court find that leadership and / or death-resulting from the offense of conviction enhancements do not apply, then the United States moves for an upward variance. Importantly, the Sixth Circuit has

upheld the imposition of an upward variance in a heroin case wherein the District Court determined that "'heroin addiction is becoming rampant in our cities in the . . . area,' leading to deaths and collateral criminal activity, and that [the defendant's] specific conduct in transporting large amounts of heroin to the area contributed to the addiction problem." *United States v. Sandoval*, 2012 U.S. App. LEXIS 20786, *6 (6th Cir. Oct. 2, 2012). In that case, the defendant received a minor role reduction, and the Sixth Circuit still upheld the upward variance based partially on the general heroin problem in the area. In the instant matter, this defendant was not only bringing a substantial amount of heroin to this area, but he was the leader of the conspiracy and his heroin was found to actually be harming and killing people. Certainly an upward variance would be appropriate in this case.

Moreover, the Sixth Circuit has held that an upward variance based on a range of considerations, including the need to promote respect for the law, is valid. *United States v. Herrera-Zungia*, 571 F.3d 568, 589-91 (6th Cir. 2009). Specifically, the Sixth Circuit held that an "utter lack of respect" for the law considered with other factors provides a reasonable basis for imposing a harsher sentence. *Id*. at 590. This defendant has repeatedly been involved in the criminal justice system and, showing his lack of respect for the law, his crimes only escalated in severity.

Ultimately, the United States asks the Court to impose a sentence at the top of the defendant's Guidelines range and / or grant an upward variance, depending on the outcome of the final sentence determination in the presentence investigation report. This defendant has shown an utter lack of respect for human life and he should be given a sentence that reflects his attitude and the seriousness of his actions.

Respectfully submitted this the 28th day of July, 2016.

          NANCY STALLARD HARR
          Acting United States Attorney

By:   *s/ Kelly A. Norris*
      KELLY A. NORRIS
      Assistant United States Attorney
      800 Market Street, Suite 211
      Knoxville, Tennessee 37902
      (865) 545-4167

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

          *s/ Kelly A. Norris*
          KELLY A. NORRIS
          Assistant United States Attorney