

**U.S. Department of Justice**
**Memorandum**
Federal Bureau of Prisons

---

*Correctional Programs Division*

*Central Office*
*320 First Street, N.W.*
*Washington, DC 20534*

June 13, 2023

MEMORANDUM FOR RESIDENTIAL REENTRY MANAGERS AND CORRECTIONAL PROGRAMS REGIONAL ADMINISTRATORS

FROM:    Dana DiGiacomo, Administrator
Residential Reentry Management Branch

Melissa Arnold, Administrator
Correctional Programs Branch

SUBJECT:    Guidance Regarding the Application of First Step Act Earned Time Credits to Pre-release Custody for Individuals with Detainers or Unresolved Pending Charges

This memorandum provides guidance and direction regarding the process of applying FSA Time Credits to individuals in prerelease placement, both Residential Reentry Centers (RRCs) and Home Confinement (HC) for individuals with detainers and/or pending charges, as referenced in Program Statement 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) and Program Statement 5800.15, Correctional Systems Manual.

**Background**

The First Step Act (FSA) allows individuals to earn FSA time credits that can be applied to pre-release custody. For purposes of applying these time credits to prerelease custody (Residential Reentry Center (RRC) or Home Confinement (HC)), the Bureau of Prisons is bound by neither the 12-month limitation for RRCs in 18 U.S.C. § 3624(c)(1) nor the 10-percent/6-month limitation for HC in 18 U.S.C. § 3624(c)(2). See 18 U.S.C. § 3624(g)(10) ("The time limits under subsections (b) and (c) shall not apply to prerelease custody under this subsection."). As a caveat, FSA time credits may not be applied to prerelease custody until the amount of earned time credits is equal to the remainder of the individual's imposed term of imprisonment. See 18 U.S.C. § 3624(g)(1)(A).

The FSA requires that, for eligible individuals, the amount of FSA time credits requested in prerelease custody should be consistent with the amount of time credits the individual is projected to have earned other than those credits applied to early transfer to supervised release.  See 18 U.S.C. § 3632(d)(4)(C); see also 18 U.S.C. §§ 3624(g)(2) & (3).

While individuals may be referred for placement in prerelease custody based on the number of FSA time credits earned and projected, placement in the community is subject to resource availability.  For eligible individuals who also have pending charges, warrants, or detainers, the referral is limited to the amount of FSA time credits which are not applied toward early transfer to supervised release.

**Referrals from Institutions**
All individuals are to be reviewed consistent with current practices under the Second Chance Act and given a needs-based RRC or HC recommendation. Individuals who are not in need of a RRC should be recommended for HC, if appropriate and statutorily eligible. The BP-210 (referral) must clearly indicate how the FTCs are to be applied (RRC or HC), and must differentiate between time requested under Second Chance and First Step Act authorities. As a reminder, the application of the FTCs under FSA does not require an individual to be placed in a RRC prior to HC. Any issues requiring clarity by the Residential Reentry Office (RRO) should be discussed via email when possible.

It is important to remember that FSA time credits applied towards RRC/HC are **IN ADDITION TO** the needs-based recommendation and can only be applied to community placement after 365 days have been applied toward early transfer to Supervised Release.  In other words, the total amount of days requested in RRC/HC will be a combination of earned and projected FSA Time Credits and needs-based recommendations under the Second Chance Act.  Ultimately, as noted above, FTCs can be applied only when they have been earned in an amount equal to the amount of time the individual has left to serve.  Also, as the CARES Act has ended, an individual cannot transition to home confinement until they have reached their statutory Home Confinement Eligibility Date (HCED) under the Second Chance Act or until they have reached the application of their time credits.  Therefore, the earliest an individual can transfer to home confinement is their HCED combined with their time credits, which are not being applied to supervised release, (example:  HCED 12/1/2024 and the individual has earned 60 days of FTC, therefore the earliest date to home confinement is 10/2/2024).

As a reminder, PS 5410.01 CN-2, states, "RRC and/or HC referrals will ordinarily be submitted to the respective Residential Reentry Management (RRM) office 12 months in advance of the inmate's PRD or at least 60 days prior to the projected RRC/HC placement date, whichever is greater."  Therefore, any referral received less than 60 days prior to the projected RRC/HC placement date may not be processed.

**Application of FSA Time Credits for Individuals with Pending Charges and/or Detainers**
In accordance with CN-2 to PS 5410.01, individuals with pending charges or detainers may be

considered for prerelease placement on the basis of application of any remaining credit. Individuals ordinarily must otherwise be eligible to participate in prerelease custody consistent with limitations as outlined in the Program Statement Community Corrections Center (CCC) Utilization and Transfer Procedure.  The individual must also be "opted in" at the time of the referral and be in minimum or low risk status through their last two assessment periods and transfer to prerelease placement.  They may be referred for placement in prerelease custody based on the number of credits earned, but placement in the community is subject to resource availability. For individuals who can apply FTCs under FSA to pre-release custody, but who also have pending charges, warrants, or detainers, the referral is limited to the amount of FTCs which are not being applied toward early release to Supervised Release as these individuals are not otherwise appropriate for prerelease placement under the Second Chance Act due to the likelihood of arrest and/or confinement.

**Individuals with Unresolved Pending Charges**

For individuals with unresolved pending charges or non-US citizens for which ICE has not responded to previous Detainer Action Letters (DAL), the following procedures shall apply:

When Institution Correctional Systems review the RRC referral packet and identify an unresolved pending charge or previous ICE DALs not responded to, staff should prepared a new DAL in reference to each applicable pending charge and/or unresolved ICE DAL.  The first dialogue box referencing the specific case should be checked.  Also, the last box referencing "Other" should be checked, and the narrative section should include the following:

> "The above referenced person is eligible for community-based, prerelease placement under the First Step Act (FSA) and has a referral for a tentative placement on (include date) in a Residential Reentry Center (RRC) located in or around his/her release residence in (include the city and state).  If your office would like to apply a detainer, please respond within 30 days of this notice.

For non-US citizens, the phrase "release residence" should substitute the "sentencing district," and employees should enter the applicable sentence district.

Institution Correctional Systems will hold the RRC referral packet for 30 days to allow applicable jurisdiction(s) to respond. If a detainer is not lodged, Institution Correctional Systems will verify the CMA assignment PC UNRSOLV is loaded into SENTRY, and then enter the specific information regarding the unresolved pending charge and/or immigration status into section 11 of the BP-A0210, Institution Referral for CCC Placement.  This information will include the unresolved pending charge including case number, misdemeanor or felony status if known, jurisdiction, and date the DAL was sent, and that no response was received.  Institution Correctional Systems will then move the referral packet forward to complete the routing process.

If a detainer is lodged, institution staff will proceed with the steps outlined below for cases with formally lodged detainers. Additionally, should a state lodge a detainer for an untried charge, applicable Interstate Agreement on Detainers requirements are to be completed prior to the referral being completed.

**For Individuals with Formally State Lodged Detainers**
For individuals with a formally lodged state detainer for term of incarceration to follow the federal term of incarceration, the Case Manager will prepare the attached letter template which includes information regarding the federal sentence, eligibility under the First Step Act for community-based pre-release placement, and the option under 18 U.S.C. §3623 (as outlined in P.S. 5140.35, Transfer of a Prisoner to State Custody Prior to Release from the Federal Sentence). As the attached letter example shows, the letter will also include the state sentence (offense and term of incarceration), docket number, and jurisdiction. The letter will be prepared and sent at the time the Five Factor Review under the Second Chance Act is completed.

The RRC/HC referral packet will be held for 30 days prior to beginning the routing process to allow state authorities time to respond. If no response is received, the referral packet will be routed, and the Case Manager will include in section #11 of the BP-210 the information regarding the detainer – offense, term of incarceration, docket number, jurisdiction, date letter was sent, and that no response was received. When Institution Correctional Systems reviews the packet, they will review and confirm the detainer information. If there is no additional information and/or no changes with the detainer have occurred (e.g., the detaining agency drops the detainer), Institution Correctional Systems employees will approve and move the referral packet forward to complete the routing process. If there is additional information and/or changes, the packet is to be rejected and Institution Correctional Systems will enter the new information in the dialog box.

If the institution receives a response from state authorities requesting transfer under the provisions of 18 U.S.C. 3623 and Program Statement 5140.35, the RRC/HC referral will be held pending a referral for state placement and review for transfer. If transfer to state authorities is not approved, the RRC/HC referral should then be forwarded to the RRO for review and RRC placement.

Once a placement date has been established, the following procedures shall apply:

A Detainer Action Letter (DAL) should be prepared in reference to the detainer for the detaining authority. The first dialogue box referencing the specific case should be checked. Also, the last box referencing "Other" should be checked, and the narrative section should include the following:

> "The above referenced person is eligible for community-based, prerelease placement under the First Step Act (FSA) and has placement date of (include date) in a Residential Reentry Center (RRC) located in (enter city and state)."

**For Individuals with Formally Lodged Immigration Detainers**

For individuals with formally lodged immigration detainers which are not for a final order of deportation or removal, Correctional Systems employee will utilize the same procedures used for unresolved pending charges except the following narrative will be included:

> "The above referenced person is eligible for community-based, prerelease placement under the First Step Act (FSA) and has a referral for a tentative placement on (include date) in a Residential Reentry Center (RRC) located in or around his/her sentencing district.  While a detainer has been lodged, there is no indication the detainer is for a final order of deportation or removal.  Please respond within 30 days of this notice if there is now a final order of deportation or removal.  A final order of deportation or removal will prevent prerelease community placement.

As with the pending charges, Institution Correctional Systems employees will hold the RRC referral packet for 30 days to allow immigration officials to respond to the DAL.   If no response is received and/or there is no change in the immigration status, Institution Correctional Systems employees will enter the specific information regarding the immigration detainer into the section 11 of the BP-A0210, Institution Referral for CCC Placement.  This information will include the specific detaining agency and office holding the detainer (e.g., Border Patrol, San Diego, CA), the current immigration status as annotated on the detainer, date the DAL was sent, and that either no response was received or that the current information was confirmed.  Correctional Systems will then move the referral packet forward to complete the routing process.

**Removal of ICE Detainer**

If ICE officials remove a detainer for an individual with a final order of deportation, Correctional Systems employees will verify, in writing, whether the removal of the detainer was due to the removal of the final order of deportation or for some other reason, (e.g., medical or mental health status, unable to secure travel documents, etc.).  If the final order of deportation remains in place regardless of the detainer status, Correctional Systems employees will enter the CMA code DEP ORD ND.

**Documentation Maintenance**

In all cases, the DALs as well as any related responses are to be saved as a single PDF document and uploaded into the individuals electronic central file (eICF) by Institution Correctional Systems employees making them available as needed to the RRO.  The eICF and Release Guide for Correctional Systems which is maintained on the Insight Sallyport Page provides instructions for uploading documents to the eICF as well as entering information into the BP-A0210.  Case

Managers will upload the state correspondence letters as well as any responses to the eICF, section 5.

**Residential Reentry Offices (RROs)**

The RROs are to process referrals as indicated unless issues are identified (i.e., issues with the offender's release plan, BP-A0210, lack of community resources, separation concerns, detainer/unresolved pending charges documentation is not provided or is insufficient).  RROs can adjust the location of placement if they determine the documentation is insufficient and clarification is not received from the BOP institution, or if the placement location jeopardizes public safety.   Any correspondence from the institution relating to a referral must be retained and uploaded into the private side of the R3M application.  . If the RRO denies a placement under FSA, a denial code must be entered into Sentry with an explanation detailed in R3M.

Should you have any questions or concerns, please contact Dana DiGiacomo, Residential Reentry Management Branch Administrator or Melissa Arnold, Correctional Programs Administrator.

CC:    Case Management Coordinators
          Regional Correctional Programs
          Residential Reentry Management Branch Sector Administrators