UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

ANTOIWAN GIBSON,
　　　Petitioner,

v.                                    Case No. 25-cv-12297

ERIC RARDIN, WARDIN,                  Hon. F. Kay Behm
　　　Respondent.
_____/

FILED DEC 31 2025 CLERK'S OFFICE DETROIT

INCONSISTENT PAGE NUMBERS

## REPLY TO RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

This Court should grant Gibson's petition under 28 U.S.C. § 2241 for a writ of habeas corpus.  Gibson correctly exhausted his administrative remedies, contrary to Rardin's statements, and therefore this Court should review his petition.  Furthermore, since the BOP will not allow Gibson to apply his earned FSA FTC's due to an apparent misapplication of policy, this Court should grant the instant petition.

Gibson does not dispute his situation being atypical but allowing the BOP to drag its feet is not in the interest of justice. The BOP obviously needs guidance.

Respectfully Submitted,

Date: 12-22-25

Antoiwan Gibson
pro se

-1-

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

---

ANTOIWAN GIBSON,
    Petitioner,

v.                          Case No. 25-cv-12297

ERIC RARDIN, WARDIN,        Hon. F. Kay Behm
    Respondent.

_____/

## BREIF IN SUPPORT OF REPLY TO RESPONSE TO PETITION
## FOR WRIT OF HABEAS CORPUS

Antoiwan Gibson, pro se petitioner, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Wardin Rardin, and the BOP in general, are missing the intent of the FSA in their handling of Gibson by filling in legislative gaps with policy and intents contrary to the spirit and intent of the FSA.

## ARGUMENT

A. **Gibson Exhausted His Available Administrative Remedies**

Rardin contends that "Gibson did not exhaust his administrative remedies." Res. Resp., at 8. However, this circuit has held that "a habeas petitioner's failure to complete the administrative process may be excused where his failure is due to the administrator, rather than the petitioner..." Fazzini v. Noertheast Ohio Corr. Ct., 473 F.3d 229, 236 (6th Cir. 2006). The Fazzini court further states "[w]hen the prisoner has done everything possible to comply with the administrative process, and it is the custodial state

-2-

prior.  Even if Gibson were to have filed a BP-10 on the same day, it would have been deemed "untimely" due to being filed more than twenty days after the date on the BP-9 reponse.  Therefore, the BOP thwarted the administrative remedy process and caused the default and thereby exempting Gibson from the exhaustion requirement.

B.  **Gibson is Entitled to Habeas Relief Due to the BOP Denying Him Benefits under 18 U.S.C. § 3632(d)(4)(C)**

In his reponse, Rardin hits the nail on the head about the core of this case: "the FSA is silent about what happens if there is a state detainer and a concurrent sentence."  Res. Resp., at 10.  Ultimately, this lack of Congressional direction leaves this up to the DOJ and inevidably the BOP.  However, the FSA was signed into law seven years ago and as Rardin states, "the BOP's guidance ... is muddy." Id.  Therefore, the time is ripe for this Court to weigh in, especially since both the state detainer and sentence in Gibson's case predate the FSA and are not new knowledge to the BOP. Id., at 1.

It appears to Gibson that the main reason for his transfer out of FCI Milan being delayed is the BOP telling the MDOC how to manage Gibson.  The BOP's guidance on applying FTC's to inmates with a detainer relies on BOP Program Statement 5140.35 in regards to transfering an inmate to state custody prior to the end of a federal sentence.  See Res. Resp. Ex. 7, at 4.  However, reliance on this program statement is flawed and, in reality, is the wrong program statement to apply to Gibson.  P.S. 5140.35 plainly states in its purpose that "[o]rdinarily, such transfers are done within

-4-

the last 90 days of the inmate's final release from his or her
Federal sentence." FBOP P.S 5140.35(1). It goes on later to state
and "inmate's sentence may be Completed in State custody..." FBOP
P.S 5140.35(2). This policy would apply and make sense if Gibson
were to have time left in State custody after his federal sentence
is done. However, Gibson is already eligible for state parole and
therefor, his state sentence could be shorter than his Federal
sentence. In using this program statement, the state must agree to
"not release [Gibson] on bail, bond, or his ... own recognizance
as long as the Federal sentence is on operation." FBOP P.S.
5140.35(9)(a). this forces the state to hold Gibson in their
custody even when they are done with him thereby undue burdening
the taxpayers of the state of Michigan.

The more appropriate Program Statement for the BOP and this Court
to apply is Program Statement 5160.05 entitled "designation of
State Institution for Service of Federal Sentence. Specifically
P.S. 5160.05 states it is for providing instructions for the
designation of a state institution for concurrent service of a
federal sentence when it is consistent ... with the goals of the
criminal justice system." FBOP P.S. 5160.05(3)(a). This
designation can be initiated by a court order, court
recommendation, concurrent service or service after imposition, an
inmate request, or by state request. See generally FBOP P.S.
5160.05(9)(b)(1)-(5). Gibson has submitted such a request. See Ex.
C.

-5-

Following this policy and route is in the interest of justice. At the core of the instant motion, as already mentioned, is the FSA.  The purpose of the FSA is to move people out of incarceration and back into society after doing recidivism reduction programming.  The purpose of the FSA is to "enhance public safety by improving the effectiveness and efficiency of the Federal prison system."  H.R. Rept. No. 115-699, at 27 (2018).  Furthermore, Senator Richard Durbin, a champion of the FSA and Chairman of the Senate Judiciary Comittee at the time of the FSA passing, stated at an FSA followup hearing that "[w]e must provide more opportunities for those who we incarcerate to reenter society successfully, reunite with their families, and contribute to their communities." S. Hrg. No. 118-445, at 3 (2024).  Additionally, Senator John Cornyn then stated "I believe rehabilitation should continue to be an aspiration of our criminal justice system, and certainly that was my reason for my support of the First Step Act." Id., at 5.  The intent of the FSA to rehabilitate and release inmates to society sonner is clear and with bi-partisan support to boot. Furthermore, the BOP itself shares this goal: "[t]he FBOP is committed to reintroducing individuals into the community commensurate with their needs and public safety." U.S. Dep't. of Just., First Step Act Annual Report 34 (June 2024).

To that end, if the BOP will not transfer **Gibson** to pre-release custody at an RRC ("half-way house") or on home confinement, then the BOP needs to transfer Gibson to the custody of the MDOC under P.S. 5160.05.  In this senario, the BOP would designate the MDOC as Gibson's place of confinement and let the MDOC handle Gibson as they see fit.  This would allow the MDOC to have a parole

-6-

hearing on their own timeframe as they stated they would like to do. See Ex. D.  if Gibson is denied parole by the Michigan Parole Board on their own volition and is still in MDOC custody when his Federal sentence expires, then the BOP would need to take *NO* further action. However, if the Michigan Parole Board does parole Gibson before the end of his Federal sentence, then the BOP would then immediately process Gibson out to pre-release custody per his FSA FTC's since the state detainer would be gone.

Based upon the stated goal of the FSA, as previously discussed, this latter scenario under P.S. 5160.05 is the most appropriate course of action. Therefore, this Court should grant the § 2241 petition and direct the BOP accordingly.


## CONCLUSION

BASED UPON THEW FOREGOING, Antoiwan Gibson, Pro se petitioner, respectfully asks this Honorable Court to GRANT his petition for writ of habeas corpus under § 2241 and ORDER the BOP to follow the appropriate program statement and not force Gibson to stay under Federal custody until 2027.


Respectfully Submitted,

Date: 12-22-25

Antoiwan Gibson Pro se

<u>CERTIFICATE OF SERVICE</u>

I, Antoiwan Gibson, declare under penalty of purjury and under the Federal Mailbox Rule, that I filed this Reply and Brief in Support of by placing a true and correct copy into the Institutional Mail System, pre-paid USPS First Class, on *12-23-25*, addressed to the following:

Office of the Clerk
U.S. Dist. Court
E.D. Michigan
231 W. Lafayette Blvd, 5th Fl.
Detroit, MI 48226

Julie A. Beck
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226


Antoiwan Gibson
pro se

#50981-039
FCI Milan
P.O. Box 1000
Milan, MI 48160

-8-

Exhibit A



```
MILEX              *           MILAN FCI            *      08-14-2025
PAGE 001 OF 001                                           13:53:34


     *****      *        *        *        ****    *     *  *******   *****
       *      * *        *        *       *     * *    *     *       *
       *       *   *     *        *       *     * *    *     *        ****
       *     *******     *        *       *   * *  *   *     *           *
     *****  *        *   ******   ******   ****    ****      *        *****

----------------------------------------------------------------------
                         QTRG EQ E***

REG NO     NAME        FROM       TO        TIME   CATEGORY(2)   CATEGORY(3)

CALLOUTS   FOR  08-15-2025                         QTR ASGN      WRK ASGN
--------------------------
48267-039  ASHRAFKHAN           JUMA/120   1400    E01-105L      U PAK 1234
63037-509  CARPENTER            HS CLARK   0900    E01-101L      UPRSS 1234
23079-026  DEAN                 H-PSY/GRP  0800    E02-222U      UPRSS 1234
15556-033  FLORENCE             HS BATTLE  0900    E02-204L      FS RELIEF
13700-028  GAUCK                HS BATTLE  0900    E02-221U      UPRSS 1234
50981-039  GIBSON               B-2 SEC/30 1100    E02-202U      UPRSS 1234
17657-510  GORRELL              HS BATTLE  1200    E02-204U      U WRH 1234
75308-510  HIVELY               HS NURSE   0730    E01-114L      CONST 3
49300-177  MARIN-PAYA           A&OCHP/480 0730    E02-206U      A&O PEND
                                PSYCH/JL   0730    E02-206U      A&O PEND
58444-510  MCKINNIE             A&OCHP/480 0730    E02-217L      A&O PEND
22894-057  NICHOLSON            A&OCHP/480 0730    E02-217U      A&O PEND
07849-027  REYNOLDS             SPECPOP 60 0900    E01-104L      MAINT 2
13037-030  SHORTER              PSYCH/AS   1300    E02-209U      E ORDERLY
12437-510  TOLOFF               A&OCHP/480 0730    E01-118L      A&O PEND
37193-510  TROWBRIDGE           HS BATTLE  0900    E02-205L      FS RELIEF
12948-028  VEACH                HS CLOUM   0730    E02-214U      UPRSS 1234
40771-039  WALKER               SPECPOP 60 0900    E01-119L      UPRSS 1234
32096-045  WILLIAMS             HS UDEGBUN 0730    E02-208U      U PAK 1234






G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

Exhibit B





U.S. Department of Justice
**Federal Bureau of Prisons**

NAME OF STAFF (Print & Sign)_____A. St Clair / _____

TITLE OF STAFF          _____Counselor_____

INMATE NAME          __Gibson, Antoiwan_____

INMATE NUMBER          ___50981-039_____

REMEDY NUMBER          _____1237452-F1_____

DATE (Delivered to Inmate)          __08-15-2025_____

REASON DELIVERED LATE   Received this on 08-15-2025 from the mail room due to routing and
          delivered it to the inmate on the same day.
_____

recieved on 8-15-2025
Antoiwan Gibson - *Antoiwan Gibson*

ANTOIWAN GIBSON, 50981-039
MILAN FCI     UNT: 4 GP    QTR: E02-217U
P.O. BOX 9999
MILAN,  MI 48160

**BP-229 RESPONSE**                          **CASE NUMBER: 1237452-F1**

Your Request for Administrative Remedy (BP-229), dated April 17, 2025, has been reviewed.   You state you have 2046 First Step Act program days and 730 First Step Act Conditional Placement Days and that Conditional Transition to Community Placement date is January 4, 2025.   As your relief, you request your First Step Act program days be applied and you be released out to the state detainer before 2027 or be placed in home confinement under Bureau of Prisons custody.

A review of your request revealed on August 15, 2017, the State of Michigan, specifically, Oakland County Sheriffs Office lodged a detainer. Correctional Systems was ultimately contacted by the State of Michigan Department of Corrections and verified that you are to be transfered into their custody upon your release. There are no timelines which would preclude the Bureau of Prisons from acting on a lawful detainer. Your eligiblity for community placement (Halfway House/Home Confinement) will earn the 365 days of Federal Time Credits for Pre Release. This will give you a First Step Act Projected Release Date of January 4, 2027.

Accordingly, your request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____                    _____
E. Rardin, Warden                            Date

Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.    FSA

**From:** Gibson Antoiwan L    50981-039    e    Milan
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST** I have 2046 program Days. I have 730 conditional placement Days. My F.S.A conditional placement Date and my conditional transition to community Date are both 1-4-25. I have a state case that is ran concurrent, I will get parole from the state in October 2025. See Attached exhibits (A)-~-(B)-~c. The state Michigan Parole Board will not touch/hear my case until I am released From Federal Prison and processed into M.D.O.C. The F.B.O.P Milan will not Apply my F.S.A time credit -or- program days, because the F.b.o.p looks at my state time running concurrent as a detainer when it is not. Due to this fact it is violating my liberty intrest, making this a constitutional issue -~- a violation of my civil rights. I request the F.B.O.P F.C.I Milan apply my F.S.A program Days to kick me out to the state Detainer befor 2027 or home confinement Due to The Fact I am still under FBOP custody

1-14-25          [signature]
DATE              SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED APR 17 2025 BY:

Please see the attached Response

DATE                 WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 123MS2-F1

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE          RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN          PRINTED ON RECYCLED PAPER          BP-229(13) APRIL 1982

Attachment B/Part 1
FCI/FDC Milan, Michigan
**Attempt at Informal Resolution**

REMEDY # _____

Inmate's Name: _Antoiwan Gibson_

Registration Number: _50981-039_    Housing Unit: _e_

**ATTEMPT AT INFORMAL RESOLUTION:**

1. Briefly state the complaint and requested corrective actions. I have 2046 program Days. I have 730 conditional Placement Days. My F.S.A conditional Placement ate and my conditional Transition to Community Date are both -4-25. I was Put in for halfway house in June of 2024. It jot kicked back-or-rejected by everyone who had to sign off in it. It has been resubmitted 6-7 times, The Past 3 times it as kicked back, was all by the R.R.M. For 6plus weeks t has been resubmitted along with a goveners letter that orez from the mail room/records has submitted 3different imes, The state has not replied at all missing their 30day eadline 3different times. The RRM refuses to push it to the alfway house, which is violating my liberty intrest, makeing his a constitutional issue – n a violation of my civil rights.

2. Document your efforts to resolve the matter to include policies reviewed. Note any reasons an informal resolution could not be achieved.

UNABLE TO RESOLVE AT UNIT TEAM LEVEL

Inmate Signature: _____    Date: _4-6-25_

Inmate Printed Name: _Antoiwan Gibson_

Unit Counselor Signature: _FOR J. Grimsley_    Date: _4/14/2025_

Unit Counselor Printed Name: _FOR J. GRIMSLEY_

```
  MILE2  540*23 *              SENTENCE MONITORING
PAGE 004 OF 004 *             COMPUTATION DATA              *      09:55:40
                               AS OF 07-12-2024
```

REGNO..: 50981-039 NAME: GIBSON, ANTOIWAN

---------------------------------- CURRENT DETAINERS: -------------------------

-------------------------------

```
DETAINER NO..: 001
DATE LODGED..: 08-15-2017
JURISDICTION.: STATE OF MICHIGAN
AUTHORITY....: OAKLAND COUNTY SHERIFF /TRANSPORT  248 452-2023
CHARGES......: DEL/MAF CONTROLLED SUBSTANCE  2017-263325-FH
               9-40 YEARS CC
```

exhibit-A

```
        TRANSACTION SUCCESSFULLY COMPLETED

G0000
```

STATE OF MICHIGAN
DEPARTMENT OF CORRECTIONS
LANSING

RICK SNYDER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

December 5, 2017

Antoiwan Gibson, #50981-039
Federal Correctional Institution
P.O. Box 1000
Milan, MI  48160

MDOC#341927

Dear Mr. Gibson:

Thank you for contacting the Michigan Parole Board.

Once you are released from the Federal Prisons and processed into the Michigan Department of Corrections, you will be scheduled for a parole consideration interview based on your minimum parole eligibility date.

The information you provided will be placed in your central office file so the Parole Board members may take it into consideration when reviewing your case.

Again, thank you for your letter.

Sincerely,

Michigan Parole Board

PB/rml

exhibit-b

exhibit-C

## Do FTCs change my Home Confinement Eligibility Date (HCED)?

Yes and no.  Your Home Confinement Eligibility Date is calculated based on your statutory term.  FTCs do not impact the number of days making up the eligibility date – that block of days is the same regardless of FTCs earned.  What changes is the date itself.  This is because the eligibility date is based on the number of days prior to Projected Release Date, and as your release date changes (due to earned FTCs), the Home Confinement Eligibility Date also changes, but the block of days making up the statutory Home Confinement does not.  Plus, once you earn FTCs toward early pre-release placement, the Home Confinement Eligibility Date is based on that same block of days, but in advance of the maximum number of FTCs earned.



For example, if you had 30 months to serve (after Good Conduct Time) and had a minimum or low Risk level from the beginning, you could earn up to 415 FTCs.  You would also have a Home Confinement Eligibility Date of about 90 days.  The first 365 FTCs are applied toward release, leaving you about 18 months to serve.  If your unit team also recommended you for a 120-day prerelease placement under the Second Chance Act, that would be added to the 50 FTC days remaining for all total recommended pre-release placement of 170 days.  But, because the Second Chance Act Placement is served first to include the 90-day Home Confinement Eligibility, you would have to serve at least 30 of your 120-day Second Chance Act placement in the halfway house before you could transfer to home confinement.

## How do unresolving pending charges and/or detainers impact me getting Time Credit?

As long as you are eligible to earn time credits, an unresolved pending charge and/or detainer has no impact.  With the exception of inmates with final orders of deportation or removal – determinations made based on documentation provided by Immigration and Custom Enforcement (ICE), unresolved pending charges and/or detainers will not impact your ability to apply credit toward early release or pre-release placement.

However, it is important to understand that while you are eligible for halfway house and/or home confinement, placement in the community does NOT eliminate the outstanding detainers and/or pending charges.  Meaning - if you are in halfway house and/or home confinement and have active detainers and/or pending charges, you are at significantly higher risk to be arrested due to active detainers and/or pending charges.

warrants, and an arrest will result in a technical escape for you and an interruption in your federal sentence as the Bureau will have lost primary jurisdiction.

Because you are not eligible for a needs-based recommendation under the Second Chance Act, your FSA placement in halfway or home confinement is VOLUNTARY. You can decline the voluntary FSA placement without any negative impact. This means you can still apply your FTCs, up to 365 days, toward early release. Please let your case manager know if you are declining the voluntary FSA placement due to unresolved pending charges or detainers in pre-release custody.

## Can I still earn FTCs if I'm eligible to receive the Residential Drug Abuse Program Early Release Benefit?

Yes, but the Residential Drug Abuse Program (RDAP) Early Release Benefit is applied first to your release date, then any FTC days are applied afterwards. This means you must complete all components of RDAP, to include the community-based portion – a minimum of 120-days in the community-based treatment program.

To receive the full benefit of both programs, you must have enough time remaining to complete all required components of RDAP. In the event you do not have enough time remaining after completing the RDAP program to receive both, the number of FTC days applied will be reduced to allow for, at a minimum, the 120-day community-based placement as required under 3621(e).

## Questions?

If you have questions about any aspect the First Step Act or the associated Federal Time Credits, including eligibility, requirements, or limitations, and/or programs, please talk to your unit team. They will either be able to answer your question or direct you to staff in the department that can assist you.

TRULINCS  50981039 - GIBSON, ANTOIWAN - Unit: MIL-E-B

---------------------------------------------------------------------------------------------

FROM: 50981039
TO: Warden
SUBJECT: ***Request to Staff*** GIBSON, ANTOIWAN, Reg# 50981039, MIL-E-B
DATE: 12/07/2025 02:31:41 PM

To: warden
Inmate Work Assignment: unicor

Greetings,
        I previoously filed a bp-9 (127452-f1) in order to have my f.s.a ,ftc's applied even with a detainer.
In the event that i am trasnfered to state custody before the end of my feral sentece,i would like to request a nunc pro tunc
designation toth mdoc per bop p.s. 5160.05(9)(b)(4). so that my federal time runs concurrent to my state. I was sentenced in
federal court first so there was no option for the judge to run sentence concurrent with state case 2017-263325-fh.
thank you in advance



STATE OF MICHIGAN
## DEPARTMENT OF CORRECTIONS
LANSING

**GRETCHEN WHITMER**
GOVERNOR

**HEIDI E. WASHINGTON**
DIRECTOR

October 3, 2025

**Antoiwan Gibson, #50981-039/ MDOC #341927**
**Federal Correctional Institution, Milan**
**P.O. Box 1000**
**Milan, MI 48160**

Dear Antoiwan Gibson:

Thank you for contacting the Michigan Parole Board.

Once you are released from Federal Custody and processed within the Michigan Department of Corrections, you will be scheduled for a parole consideration interview based on your earliest release date, but not before then.

Again, thank you.

Sincerely,

Michigan Parole Board

MPB/kfw

## FSA Time Credit Assessment
Register Number:50981-039, Last Name:GIBSON

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number....: 50981-039 | Responsible Facility: MIL |
| Inmate Name | Assessment Date.....: 07-26-2025 |
| Last............: GIBSON | Period Start/Stop...: 12-21-2018 to 07-26-2025 |
| First............: ANTOIWAN | Accrued Pgm Days....: 2409 |
| Middle..........: | Disallowed Pgm Days.: 0 |
| Suffix..........: | FTC Towards RRC/HC..: 805 |
| Gender.............: MALE | FTC Towards Release.: 365 |
| Start Incarceration: 10-03-2016 | Apply FTC to Release: Yes |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 12-21-2018 | 07-17-2019 | accrue | 208 |

Accrued Pgm Days...: 208
Carry Over Pgm Days: 0
Time Credit Factor.: 10
Time Credits.......: 60

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 07-17-2019 | 07-26-2025 | accrue | 2201 |

Accrued Pgm Days...: 2201
Carry Over Pgm Days: 28
Time Credit Factor.: 15
Time Credits.......: 1110

--- FSA Assessment(s) ---

| # | Start | Stop | Assignment | Asn Start | Factor |
|---|---|---|---|---|---|
| 001 | 12-21-2018 | 01-18-2019 | R-LW | 04-28-2021 11:35 | 10 |
| 002 | 01-18-2019 | 07-17-2019 | R-LW | 04-28-2021 11:35 | 10 |
| 003 | 07-17-2019 | 01-13-2020 | R-LW | 04-28-2021 11:35 | 15 |
| 004 | 01-13-2020 | 07-11-2020 | R-LW | 04-28-2021 11:35 | 15 |
| 005 | 07-11-2020 | 01-07-2021 | R-LW | 04-28-2021 11:35 | 15 |
| 006 | 01-07-2021 | 07-06-2021 | R-LW | 04-28-2021 11:35 | 15 |
| 007 | 07-06-2021 | 01-02-2022 | R-LW | 04-28-2021 11:35 | 15 |
| 008 | 01-02-2022 | 07-01-2022 | R-LW | 10-27-2021 09:22 | 15 |
| 009 | 07-01-2022 | 12-28-2022 | R-LW | 04-20-2022 10:51 | 15 |
| 010 | 12-28-2022 | 06-26-2023 | R-LW | 10-07-2022 10:14 | 15 |
| 011 | 06-26-2023 | 12-23-2023 | R-LW | 04-19-2023 10:53 | 15 |
| 012 | 12-23-2023 | 06-20-2024 | R-LW | 10-03-2023 19:42 | 15 |
| 013 | 06-20-2024 | 12-17-2024 | R-LW | 01-17-2024 08:13 | 15 |
| 014 | 12-17-2024 | 06-15-2025 | R-LW | 07-12-2024 10:16 | 15 |
| 015 | 06-15-2025 | 12-12-2025 | R-LW | 01-07-2025 08:44 | 15 |

(1)

Assessment# -21432522

**FSA Time Credit Assessment**
Register Number:50981-039, Last Name:GIBSON

U.S. DEPARTMENT OF JUSTICE                                  FEDERAL BUREAU OF PRISONS

--- Best Case Scenario - Conditional Pre-release Planning & Preparation Only -----------------
All conditional days and conditional dates below are the individual's best case scenario
given the individual's FSA/FTC status and best case Second Chance Act (SCA) days as of
07-26-2025. These dates can change if there are changes to one or more of the following: the
individuals FSA risk, FSA opt-in/opt-out status, or best case SCA days.

SCA DAYS ARE NOT GUARANTEED AND REQUIRE AN INDIVIDUALIZED ASSESSMENT! THEREFORE, IF A DEFAULT
OF 0 DAYS IS REFLECTED, THIS DATE IS SUBJECT TO CHANGE BASED ON THE REQUIRED FIVE-FACTOR
REVIEW UNDER 18 USC SEC. 3621(B). AN INDIVIDUAL WHO HAS PENDING CHARGES/DETAINERS ARE NOT
ELIGIBLE FOR SCA TIME. THE FIVE-FACTOR REVIEW INVOLVES THE FOLLOWING: (1)THE RESOURCES OF THE
FACILITY CONTEMPLATED; (2) THE NATURE AND CIRCUMSTANCES OF THE OFFENSE; (3) THE HISTORY AND
CHARACTERISTICS OF THE PRISONER; (4) ANY STATEMENT BY THE COURT THAT IMPOSED THE SENTENCE:
(a)CONCERNING THE PURPOSES FOR WHICH THE SENTENCE TO IMPRISONMENT WAS DETERMINED TO BE
WARRANTED; OR (b) RECOMMENDING A TYPE OF PENAL OR CORRECTIONAL FACILITY AS APPROPRIATE; AND
(5) ANY PERTINENT POLICY STATEMENT ISSUED BY THE U.S. SENTENCING COMMISSION.
---
Projected Release Date: 01-04-2028
Projected Release Method: GCT REL
FSA Projected Release Date: 01-04-2027
FSA Projected Release Method: FSA REL
FSA Conditional Release Date: 01-04-2027
SCA Recommended Placement Days (Following 5 Factor Review): N/A
SCA Recommended Placement Date: N/A
SCA Max. Statutory HC Placement Days if appropriate (lesser of 6 months/10%): N/A
FSA Conditional Placement Days: 805
FSA Conditional Placement Date: 10-21-2024
Conditional Transition To Community Date: 10-21-2024
Maximum Statutory Home Confinement Placement Date (if appropriate): 04-24-2024
Recommended Home Confinement Placement Date (if appropriate): 10-21-2024
--- SCA Ineligible ---------------------------------------------------------------
--- Detainers
 Id  Lodged      Org Authority
 001 08-15-2017  SMI OAKLAND COUNTY SHERIFF /TRANSPORT  248 452-2023



Antoiwan Gibson #50981-039
FCI Milan
P.o. box 1000
Milan, MI 48160

office of the Clerk
U.S. Dist. Court
E.D. Michigan
231 W. Lafayette Blvd
Detroit, MIc 48226