UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOIWAN GIBSON,

        Petitioner,

                                  CASE NO. 4:25-CV-12297
v.                                HONORABLE F. KAY BEHM

ERIC RARDIN,

        Respondent.
_____/

## **OPINION AND ORDER DISMISSING THE HABEAS PETITION**

**I.    Introduction**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2241. Federal prisoner Antoiwan Gibson ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"), was convicted of conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, pursuant to a plea in the United States District Court for the Eastern District of Tennessee and was sentenced to 180 months in prison with 4 years of supervised release in 2016. ECF Nos. 1, 10. He has a projected release date of January 4, 2027. *See* Petitioner's Inmate Profile, BOP Inmate Locator, https://www.bop.gov/inmateloc/ (accessed on 1/6/26).

In his habeas petition, Petitioner challenges the Bureau of Prisons' ("BOP")

calculation and application of his Federal Time Credits ("FTCs") under the First Step Act ("FSA"), particularly as related to a concurrent Michigan sentence and a State of Michigan/Michigan Department of Corrections' detainer.  ECF No. 1.  Respondent has filed an answer to the petition contending that it should be dismissed on exhaustion grounds and/or that it should be denied for lack of merit.  ECF No. 10.  Petitioner has filed a reply to that answer asserting that the exhaustion requirement should be excused and that his habeas petition should be granted on the merits.  ECF No. 11.

**II.    Discussion**

It is well-settled that federal prisoners must exhaust available administrative remedies before filing a habeas petition under § 2241.  *United States v. Wilson*, 503 U.S. 329, 334-336 (1992); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981).  The United States Court of Appeals for the Sixth Circuit has consistently required exhaustion of administrative remedies before the filing a § 2241 petition.  *See, e.g., Fazzini*, 473 F.3d at 231-232; *see also Cooper v. Batts*, No. 21-5828, 2022 WL 4009862, *2 (6th Cir. Aug. 25, 2022) ("Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit.").

The BOP has a multi-tiered administrative grievance process.  If a matter

2

cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is not satisfied with the warden's response, the prisoner can file a BP-10 Form to appeal to the Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. If the prisoner is not satisfied with the Regional Director's response, the prisoner can file a BP-11 Form to appeal to the General Counsel at the Central Office, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18.

In this case, the record indicates that Petitioner attempted to resolve this matter informally, but was unable to do so, and that he submitted a BP-9 to the Warden (Respondent Eric Rardin), who had not responded to the BP-9 (as of the filing date of this case). Petitioner admits that he has not exhausted administrative remedies, but asserts that the Warden told him to be patient in response to his first email about his BP-9 and did not respond to his second email, and that a prison staff member (Unit Manager Grimley) refused to give him a "time sensitive" BP-10 form to file an appeal with the Regional Director. ECF No. 1, PageID.7, 12, 19-20, 30, 32. Petitioner contends that the exhaustion requirement should be excused. ECF No. 11, PageID.169-170.

The record before this Court thus shows that Petitioner has not exhausted

3

administrative remedies as to his habeas claims. While Petitioner may be frustrated by the Warden's delay in responding to his BP-9 and related emails, he cannot abandon the administrative process or fail to comply with its requirements. Furthermore, as to Unit Manager Grimley's refusal to provide him with a time sensitive BP-10 form, Petitioner fails to show that he made any attempts to obtain a BP-10 form from any other prison official or to otherwise file an appeal with the Regional Director due to the Warden's delay in responding to his BP-9. Lastly, given that Petitioner's projected release date is January 4, 2027, he has sufficient time to exhaust his administrative remedies within the BOP. Petitioner must fully exhaust available administrative remedies, or at least make a more diligent effort to do so, before seeking federal habeas review under § 2241. His habeas petition is premature and must be dismissed.

### III.  Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted administrative remedies as to his habeas claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the habeas petition. The Court makes no determination as to the substantive merit of the petition.

A certificate of appealability is not needed to appeal the dismissal of § 2241 habeas petition. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

Petitioner thus need not request one from this Court or the Sixth Circuit should he seek to appeal. This case is closed.

**SO ORDERED**.

Date:   January 7, 2026

<u>s/F. Kay Behm</u>
F. Kay Behm
United States District Judge
